UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEYWANIE S BRIDGEWATER,<br><br>             Plaintiff,<br><br>      v.<br><br>KYANA BARBERSHOP SALON STAFF, KYIWANA WICKERS, KEWANTE ANN WICKER,<br><br>             Defendants. | CASE NO. C23-1074 MJP<br><br>ORDER TO SHOW CAUSE |

The Court issues this Order to Show Cause <u>sua sponte</u> after reviewing Plaintiff's Complaint for Civil Rights Violations. (Dkt. No. 5.) The Court issues this ORDER TO SHOW CAUSE as to why the Complaint should not be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). Federal courts have subject matter jurisdiction over claims brought under federal law, such as civil rights claims. 28 U.S.C. § 1331. But a court may dismiss an action <u>sua sponte</u> for lack of subject matter jurisdiction. <u>Franklin v. State of Or., State Welfare Div.</u>, 662 F.2d 1337,

1342 (9th Cir. 1981). "[I]f the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements." Id. And when a litigant proceeds in forma pauperis (IFP), as Plaintiff does here, the court may dismiss the action if it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's pro se Complaint alleges that Defendants Kyana Barber Shop Hair Salon and two employees have used his name in association with the barber shop without his permission. (Complaint (Dkt. No. 5).) Plaintiff alleges that the use of his name without permission violates his civil rights. Based on the Court's review of the Complaint, the Court finds that it lacks subject matter jurisdiction over these claims.

There are generally two forms of civil rights claims that a plaintiff may pursue. If the defendant is a federal official, the plaintiff may bring a civil rights claim if the defendant acted under color of law and deprived the plaintiff of a right, privilege, or immunity protected by the United States Constitution or the laws of the United States. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). If the defendant is a state or local official, the plaintiff may bring a civil rights claim under 42 U.S.C. § 1983. Such a claim must allege that the plaintiff suffered a violation of rights protected by the Constitution or the laws of the United States, and that the violation was proximately caused by a person acting under color of state or federal law. West v. Atkins, 487 U.S. 42, 48 (1988); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff has not sufficiently alleged a civil rights claim over which the Court might have subject matter jurisdiction under 28 U.S.C. § 1331. There are two primary problems with Plaintiff's Complaint. First, Plaintiff has not alleged that any of the Defendants is a federal, state,

or local official or that they have acted under color of state law. The Court knows that Plaintiff has checked a box on the pro se form Complaint suggesting that Defendants are federal, state, or local officials. (Complaint at 5.) But the Complaint otherwise indicates that the barber shop is a privately-owned business and that the individuals being sued are merely employees of the barber shop. There are no allegations that Defendants acted in any governmental capacity. As such, the Court finds that Plaintiff has failed to satisfy the requirement that Defendants acted under color of state or federal law. See Bivens, 403 U.S. at 389; West, 487 U.S. at 48. Second, Plaintiff has not alleged the deprivation of any right protected by the Constitution or the laws of the United States.

In light of these two defects in the Complaint, the Court ORDERS Plaintiff to SHOW CAUSE why the Complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response is due within 30 days of entry of this Order. Plaintiff may respond to this Order by filing an amended complaint that attempts to cure the defects noted in this Order. Or Plaintiff may file a written brief in response to this Order to explain why the Complaint states a valid civil rights claim. Although there is no page limit for the amended complaint, any brief may not exceed 12 pages. If Plaintiff fails to respond to this Order, the Court will dismiss this matter for failure to prosecute. See Fed. R. Civ. P. 41(a).

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated July 26, 2023.

Marsha J. Pechman
United States Senior District Judge